# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD J. BECK,** | : | **CIVIL ACTION NO. 1:07-CV-0294** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MONROE COUNTY CORRECTIONAL FACILITY et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 26th day of April, 2007, upon consideration of the motion to dismiss (Doc. 18) plaintiff's §1983 civil rights complaint (Doc. 1) pursuant to FED. R. CIV. P. 12, filed on behalf of the Monroe County Correctional Facility, and it appearing that a prison or correctional facility is not a person withing the meaning of § 1983[1], see Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973), it is hereby ORDERED that the motion (doc. 18) is GRANTED.  The Clerk of Court is directed to TERMINATE defendant Monroe County Correctional Facility.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] In order to state a viable civil rights claim under § 1983, a plaintiff must establish that (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 372 (M.D.Pa. 2001).