IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROLD J. BECK,** : | **CIVIL ACTION NO. 1:07-CV-0294** |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **MONROE COUNTY CORRECTIONAL** : | |
| **FACILITY et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 14th day of August, 2007, upon consideration of the order of court (Doc. 44) directing plaintiff to file, on or before August 1, 2007, a response to defendants' motion for summary judgment or risk dismissal of the above-captioned action for failure to prosecute, and it appearing that as of the date of this order plaintiff has not filed a response or brief in opposition to defendants' motion for summary judgment, see FED. R. CIV. P. 41(b) ( ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and that plaintiff, acting *pro se* in this action, was advised of the necessity of responding to defendants' motion and to orders of court and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal

responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion for summary judgment, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to defendants' motion (Doc. 40) or orders of court (Docs. 35, 39, 44), constitutes a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to respond to the orders of court (Docs. 35, 39, 44) when previously advised by the court that inaction may result in dismissal of the above-captioned case constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has knowingly failed to oppose the motion, and because plaintiff is proceeding *in forma pauperis* in this action (Doc. 8), see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that plaintiff's claim likely lacks *prima facie* merit (Docs. 1, 40-42), see Poulis at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor), it is hereby ORDERED that:

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).[1]

2. The Clerk of Court is directed to TERMINATE defendants' motion for summary judgment (Doc. 40).

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] On April 26, 2007, plaintiff was also directed to provide the court with additional information concerning "Nurse Kelly" and "Nurse Wendy" so that the United States Marshal's Service could effect service on them. (Doc. 35). He was cautioned that his failure to provide the information would result in dismissal of the complaint against them pursuant to Fed. R. Civ. P. 4(m). Although plaintiff has failed to comply with this order, in light of dismissal of the action for failure to prosecute, there is no need for the issuance of a separate order dismissing these defendants pursuant to Fed. R. Civ. P. 4(m).